CAMERON ET AL. v. HOVEY ET AL.

1. **Deed:** ITS EXECUTION ESTABLISHED BY CIRCUMSTANCES. Where the testimony was conflicting in regard to the execution of a deed, defendant denying its execution because the purchase price had not been paid in full, and it appeared that some years elapsed before any claim was made for the alleged unpaid balance, and that the grantor had on various occasions admitted the existence of the deed: *Held*, that its execution might be inferred from these circumstances.

2. ———: POWER OF ATTORNEY: DOWER. Where the husband executed a deed alone, and his wife subsequently joined with him in a power of attorney to a third party to convey the same property, her dower interest in the premises is barred.

*Appeal from Buchanan District Court.*

FRIDAY, JUNE 19.

THE petition of plaintiffs alleges that about the 18th of August, 1857, the defendant Elijah A. Hovey, sold and deeded a certain quarter section of land to William Stevens, who took possession and cultivated the same, and afterward sold portions thereof to John Cameron, R. S. Searles and the Sioux City Railroad Company, and that it was laid out into lots, streets and alleys, and named the village of Jessup. That it is now owned by about two hundred different persons, and has on the same valuable buildings, stores, hotels, elevators, residences, warehouses, etc. That the deed from Hovey to Stevens is lost; Stevens is dead; and Hovey claims to own the land and refuses to quit claim. Prays that Hovey and wife be decreed to quit claim the same.

The answer alleges that defendant sold the land to Stevens, through his agent Timothy K. Hovey, for $1,700, that about $450 of the purchase money was not paid, and the land was never deeded; avers his willingness to deed upon payment of amount due and interest, and asks a decree for one thousand dollars. Rhoda S. Hovey, wife of Elijah A., denies that she ever executed a deed for the premises, but avers that she joined in a power of attorney with her husband, authorizing Timothy K. Hovey to deed the same.

The court found for plaintiffs, and decreed that defendants be barred of equity in or claim upon the premises. Defendant's appeal.

*Lake & Harmon,* for appellants.

*W. G. Donnan* and *Boies, Allen & Couch,* for appellees.

DAY, J.—The real question in the case is simply one of fact, as to whether the defendant ever executed a deed to William Stevens. We are as well satisfied as we can be of any fact, depending upon a mass of very conflicting testimony, that he did. In such cases inferences drawn from circumstances well established, are much

1. DEED: its execution established by circumstances.

more satisfactory than conflicting, positive testimony. It is claimed that no deed was executed because the purchase price was not paid in full. There are many circumstances which are entirely at variance with such a conclusion. The sale was made in 1857, and notes and a mortgage on Smith were assigned in part payment. In 1861 it was arranged that defendant should take from Smith the mortgaged land, and that Stevens should give his note for about $200. This was done, and nothing was said about any further claim against him, on account of the purchase. Defendant heard of Stevens' death about 1866, yet he took no steps to establish his claim for unpaid purchase money against the estate.

Defendant stated to various parties that he had no claim upon the property; that it would not be best to give a quit-claim until strict search had been made for the old deed, and that he believed the old deed was in existence somewhere, and suggested that it might be at the Recorder's office. These circumstances, and many more that might be named, are quite sufficient, as we think to overcome his statement that he never deeded the land. In addition to this, several witnesses testify that they saw a deed for the land in question in possession of Stevens, signed by defendant. One witness, a brother of defendant, states that Stevens gave him a deed or paper to carry to the Recorder's office of Buchanan county, for record, who said he should not receive it, as no money was sent to pay for recording, and that witness threw it down and left it. It is, however, neither practicable nor profitable to review all the testimony. Much of it is adverse to the claim of plaintiffs, as is always the case when a controversy arises respecting a fact. We feel convinced, however, that it clearly preponderates in favor of plaintiffs.

The deed proven was executed by E. A. Hovey alone.

2. ——: power or of attorney : dower. It is fully established, however, and this by the testimony of defendants themselves, that they united in a power of attorney authorizing T. K. Hovey to convey these premises. It seems quite probable that this was done for the purpose of correcting the omission in the deed already executed without the wife's signature. It was proper, therefore, to bar her of any interest in the premises.

AFFIRMED.